IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DONALD STEPHEN REDUS,** *individually and on behalf of all others similarly situated*,<br><br>          Plaintiff,<br><br>v.<br><br>**BIRNER STL LLC**,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COLLECTIVE AND INDIVIDUAL ACTION COMPLAINT

Plaintiff Donald Stephen Redus ("Mr. Redus" or "Plaintiff"), by and through undersigned counsel, for his Complaint against Defendant Birner STL LLC ("Birner" or "Defendant"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., brought by Plaintiff individually and on behalf of all others similarly situated to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

2. Plaintiff also brings an individual supplemental claim under the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 et seq., to recover unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

## PARTIES

3. Plaintiff Donald Stephen Redus is an adult resident of Kirkwood, St. Louis County, Missouri.

4. Defendant Birner STL LLC is a domestic for-profit limited liability company that owns and operates Renewal by Andersen businesses in St. Louis, Springfield, and Cape Girardeau, Missouri, with its principal place of business in St. Louis. Defendant may be reached for service through its registered agent, Paul E. Birner, 135 Executive Estates Dr, Saint Louis, MO 63141-7604.

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

27. This Court has personal jurisdiction over Defendant because Defendant is headquartered in Missouri, conducts substantial business in Missouri, and employed Plaintiff in Missouri. Defendant owns and operates Renewal by Andersen businesses in St. Louis, Springfield, and Cape Girardeau, Missouri, and has purposefully availed itself of the privilege of conducting business within this State. The claims in this action arise directly out of those activities.

28. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District, Plaintiff worked here, and a substantial part of the unlawful employment practices occurred here.

## FACTUAL ALLEGATIONS

8. Defendant owns and operates Renewal by Andersen businesses in St. Louis, Springfield, and Cape Girardeau, Missouri, providing window and door replacement services throughout those regions.

9. Plaintiff worked as a Measure Technician. His duties included visiting job sites post-sale, taking precise measurements of window and door openings, and preparing detailed job orders typically 35 to 40 pages in length.

10. During his employment, Plaintiff routinely worked between 48 and 52 hours per week, and often as long as 12 hours per day.

11. Despite working these long hours, Plaintiff was paid only for 40 hours per week during the first 9 to 10 weeks of his employment, which Defendant labeled as "training."

12. When Plaintiff questioned his manager, Kevin Fulbright, about overtime, he was told that employees do not receive overtime pay during training.

13. Even after the purported training period ended, however, Defendant failed to pay Plaintiff all overtime wages owed.

14. Plaintiff learned that Defendant had a practice of paying only a portion of overtime hours during busy summer months and paying no overtime during slower months, regardless of the actual hours worked.

15. Defendant required employees, including Plaintiff, to track their time through an app installed on their phones, which reflects the actual hours worked versus hours compensated.

16. Defendant employs approximately 10 Measure Technicians among its St. Louis, Springfield and Cape Girardeau offices, including a number who work remotely, all of

whom were subjected to the same unlawful pay practice of paying Measure Techicians only for forty hours regardless of the number of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings Count I of this action under 29 U.S.C. § 216(b) individually and on behalf of all others similarly situated.

19. The proposed FLSA collective consists of:

    **All current and former Measure Technicians employed by Defendant at its Renewal by Andersen locations in St. Louis, Springfield, and Cape Girardeau, Missouri, within the past three years who were not paid overtime wages for all hours worked over 40 in a workweek.**

19. Defendant's policy of failing to pay Measure Technicians overtime wages was willful and applied uniformly to all members of the Collective.

20. The records maintained through Defendant's timekeeping app can be used to determine the actual number of overtime hours worked by each Collective member.

## COUNT I – FLSA OVERTIME VIOLATIONS
### (Individually and on behalf of all others similarly situated)

21. Plaintiff incorporates paragraphs 1–20.

22. Defendant is an "employer" under the FLSA, 29 U.S.C. § 203(d), and the MMWL, Mo. Rev. Stat. § 290.502(7).

23. The FLSA requires covered employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207.

24. Defendant failed to pay Plaintiff and the Collective members overtime compensation as required by law.

25. Defendant's violations of the FLSA were willful and in bad faith. Defendant knew, or showed reckless disregard for whether, its conduct violated the FLSA.

26. Accordingly, Plaintiff and the Collective are entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs.

## COUNT II – MMWL OVERTIME VIOLATIONS
### (Individual Claim of Plaintiff Redus)

26. Plaintiff incorporates paragraphs 1–25.

27. Defendant is an "employer" under the MMWL, Mo. Rev. Stat. § 290.502(7).

28. The MMWL requires employers to pay non-exempt employees one and one-half times their regular rate of pay for hours worked over 40 in a workweek. Mo. Rev. Stat. § 290.527.

29. Defendant failed to pay Plaintiff overtime compensation as required by the MMWL.

30. Defendant's violations of the MMWL were willful and in bad faith. Defendant knew, or showed reckless disregard for whether, its pay practices violated the MMWL.

31. Accordingly, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages equal to twice the amount of unpaid wages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Enter judgment in favor of Plaintiff individually and the FLSA Collective;
   b. Conditionally certify this case as a collective action under the FLSA;
   c. Authorize notice to the Collective;
   d. Award Plaintiff and the Collective unpaid overtime wages, liquidated damages, and attorneys' fees and costs under the FLSA;

5

e. Award Plaintiff unpaid overtime wages, liquidated damages, and attorneys' fees and costs under the MMWL; and

f. Grant such other relief as the Court deems just and proper.

    Respectfully submitted,

    s/*Philip E. Oliphant*
    Philip E. Oliphant, Bar Number: 25990(TN)
    THE ROLWES EMPLOYMENT LAW FIRM
    254 Court Avenue, Suite 305
    Memphis, TN 38103
    901.519.9135 (voice)
    901.979.2499 (fax)
    poliphant@rolweslaw.com

    Edward J. Rolwes, Bar Number: 51522(MO)
    THE ROLWES EMPLOYMENT LAW FIRM
    2333 South Hanley Road, S. 104
    St. Louis, MO  63144
    314-806-9626 (voice)
    314-472-0900 (fax)
    erolwes@rolweslaw.com

    *Attorneys for Plaintiffs*

## DECLARATION AND VERIFICATION

I, Donald Stephen Redus, verify and declare that the facts stated in the foregoing Verified Complaint for violations of the Fair Labor Standards Act and Missouri Minimum Wage Law are true to the best of my knowledge and belief, and that the Complaint is not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*Steve Redus*
Steve Redus (Sep 15, 2025 14:22:15 CDT)
_____
Donald Stephen Redus

09/15/25
_____
Date

# 250915 - Steve Redus Complaint

Final Audit Report                                        2025-09-15

| | |
|---|---|
| Created: | 2025-09-15 |
| By: | Philip Oliphant (poliphant@rolweslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAsGU-KH0BOAZ5Idzorwj0xh6DdewT8c7q |

## "250915 - Steve Redus Complaint" History

📄 Document created by Philip Oliphant (poliphant@rolweslaw.com)
2025-09-15 - 7:19:07 PM GMT

✉️ Document emailed to Steve Redus (steve_redus@yahoo.com) for signature
2025-09-15 - 7:19:11 PM GMT

📄 Email viewed by Steve Redus (steve_redus@yahoo.com)
2025-09-15 - 7:21:17 PM GMT

✍️ Document e-signed by Steve Redus (steve_redus@yahoo.com)
Signature Date: 2025-09-15 - 7:22:15 PM GMT - Time Source: server

✅ Agreement completed.
2025-09-15 - 7:22:15 PM GMT

**Adobe Acrobat Sign**